DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUDY PRESCOTT BARNETT,<br>     Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO.<br>:     3:11-cv-1037 (VLB) |
| CONNECTICUT LIGHT & POWER<br>COMPANY, NORTHEAST UTILITIES,<br>NORTHEAST UTILITIES SERVICE<br>COMPANY, THE UNITED ILLUMINATING<br>COMPANY,<br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:     March 25, 2013 |

**ORDER DENYING DEFENDANTS' [DKT. #68] MOTION *IN LIMINE* AND DENYING PLAINTIFF'S [DKT.#74] MOTION *IN LIMINE***

A. Plaintiff's [Dkt. #74] motion *in limine* to preclude deposition testimony of Dr. Karen Schorn

The Plaintiff moves to preclude the deposition testimony of Dr. Karen Schorn, the Plaintiff's treating physician, from use at trial or for any other purpose. First, the Plaintiff argues that preclusion is warranted because Dr. Shorn was designated as a fact witness and she was untimely deposed a few weeks after the close of fact discovery. The Plaintiff indicates that the Defendants proceeded with the deposition over her objection on the basis that Dr. Schorn, in their view, was an expert and not just a fact witness. Second, the Plaintiff complains that Defendants asked leading questions to Dr. Schorn and elicited expert opinions from her despite the fact that she was designated solely as a fact witness. Defendants disagree that Dr. Shorn is strictly a fact witness and therefore argue that she was timely deposed during the period for deposing Plaintiff's expert witnesses and further noted that the Plaintiff failed to move for a protective order at the time of the deposition.

1

**Courts in the Second Circuit consider the factors set forth in *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.,* 118 F.3d 955 (2d Cir.1997), for determining whether to preclude expert testimony. These factors are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel,* 118 F.3d at 961 (citing *Outley v. City of New York,* 837 F.2d 587, 590–91 (2d Cir.1988)); *see also Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir.2004). Further Preclusion is a "harsh remedy" that "should only be imposed in rare situations." *Izzo v. ING Life Ins. & Annuity Co.,* 235 F.R.D. 177, 186 (E.D.N.Y.2005) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 71 (2d Cir.1988)). "Courts enjoy broad discretion in deciding whether and how to fashion a sanction pursuant to Rule 37." *Lujan v. Cabana Management, Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2010) (citation omitted). The Court finds these factors relevant to consider in the present matter despite the parties' disagreement over whether Dr. Schorn should be considered an expert or simply a fact witness as the factors balance the "integrity of the adversarial process" which depends on the presentation of reliable evidence and the right to offer testimony of witnesses in a party's favor with the "interest in the fair and efficient administration of justice" which underlie our modern discovery rules, and the "potential prejudice to the truth-determining function of the trial process." *See Taylor v. Illinois*, 484 U.S. 400, 656 (1988).**

2

In view of these factors, the Court finds that the drastic remedy of preclusion is not warranted. First, the testimony of Dr. Schorn is crucial to the claims at issue. Second, the Defendants' explanation for not deposing Dr. Schorn during the fact discovery period was based on their good faith belief that Dr. Schorn qualified as an expert witness under relevant caselaw and the Federal Rules of Evidence and therefore they believed that they were complying with the scheduling order. Third, the prejudice suffered by the Plaintiff as a result of having to prepare to meet this testimony is minimal as the Plaintiff was already relying on Dr. Schorn's testimony in her case in chief in her capacity as a "fact witness." In addition, prejudice is absent as the Defendants have not yet sought to offer this deposition testimony. Lastly, as no trial date has been set there is a possibility of a continuance. Moreover even assuming that the Plaintiff is correct in her viewpoint that Dr. Schorn can only be considered a "fact witness" despite the fact that Dr. Schorn's testimony would necessarily be based on her specialized education, training and experience which are the hallmarks of expert testimony under the rules of evidence, the Court would have entertained and granted an extension of the fact discovery deadline in view of the fact that the Defendants sought to schedule Dr. Schorn's deposition shortly after the conclusion of the fact discovery period. The Court is well within its discretion to not preclude a witness or exhibit if the proponent has failed to abide by an order with an adequate excuse, particularly whereas here the opposing party is not prejudiced. *See e.g., Park West Radiology v. CareCore Nat. LLC*, 675 F.Supp. 2d 314, 326 (S.D.N.Y. 2009) (denying motion to exclude expert report where party

could redepose expert and submit sur-rebuttal report); S.*W. v. City of New York*, No. CV2009-1777(ENV) (MDG), 2011 WL 3038776, at *4 (E.D.N.Y. July 25, 2011) (holding that preclusion of testimony was not appropriate because "even assuming that portions of plaintiffs' experts' reports should have been included in their initial reports, there is no prejudice to the City by permitting plaintiffs' experts to serve these reports since expert depositions have not been taken and no trial date has been set."). In view of the fact that the Defendants have not sought to offer the deposition testimony, the Plaintiff's motion to *in limine* to preclude is denied without prejudice to filing another motion *in limine*, citing particularized objections to a noticed use of the deposition transcript for purposes other than impeachment or rebuttal at trial.

   B. Defendants' [Dkt. #68] motion *in limine* to preclude evidence and testimony of late disclosed expert opinions of David. O. Carpenter, M.D.

Defendants move to preclude the Plaintiff's expert witness, David O. Carpenter, M.D., from testifying at trial and with respect to new bases for opinions regarding his belief that the Plaintiff suffered from "electromagnetic hypersensitivity" ("EHS") which was not disclosed in his October 21, 2011 declaration. Defendants explain that Dr. Carpenter declared on October 21, 2011 that he would testify that Plaintiff suffered from probable Alzheimer's Disease caused by chronic exposure to magnetic fields. Subsequently, the Plaintiff arranged to undergo an examination by Dr. G. Alex Hishaw, who then concluded that there was no reason to think that the Plaintiff suffered from degenerative dementia such as Alzheimer's Disease. Dr. Carpenter was then deposed by the Defendants on April 6, 2012 where for the first time he opined that the Plaintiff

4

suffered from EHS in light of Dr. Hishaw's conclusion that the Plaintiff did not have Alzheimer's Disease and on the basis of one article that was published six months prior to the disclosure of his initial declaration.  The Defendants argue that preclusion of Dr. Carpenter's late-disclosed opinions concerning EHS are warranted as those opinions were not included in his original report and not disclosed until his deposition well after the expert disclosure deadline.

As discussed above, courts in the Second Circuit consider the *Softel* factors for determining whether to preclude expert testimony which are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel,* 118 F.3d at 961.  An examination of these factors again demonstrates that the drastic remedy of preclusion is not warranted.  First, Dr. Carpenter's testimony is central to the Plaintiff's claims at issue.  Second, Dr. Carpenter explained that he failed to include this opinion in his original declaration despite the fact that the article he based his new opinion on was available before he issued the declaration because he was responding to the subsequently issued report of Dr. Hishaw.  Although this explanation for failing to disclose the opinion in his original declaration casts doubt on the credibility of the new opinion, there is no indication that the delay was in bad faith or in callous disregard of the discovery rules.  Third as noted above, as no trial date has been scheduled there is a possibility of continuance.  Since continuance is possible, the Defendants may move to reopen expert discovery and would have

**good cause to do so which would mitigate any prejudice suffered by having to prepare to meet Dr. Carpenter's new testimony regarding EHS.  Furthermore, the Defendants would be well within their rights to move for sanctions seeking to recover any expenses incurred in having to meet the new testimony, for example the costs incurred in having to depose Dr. Carpenter again.   As explained above, the Court is well within its discretion to not preclude a witness or exhibit if the proponent has failed to abide by an order whereas here the opposing party is not prejudiced.  The Court therefore denies the Defendants' motion** *in limine***.**

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

**Dated at Hartford, Connecticut: March 25, 2013**